UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISADI VASQUEZ-MARTINEZ,

                 Petitioner,

-against-

PAM BONDI, Attorney General of the United States, KRISTI NOEM, Secretary of the Department of Homeland Security, TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, in their official capacities, BRIAN FLANAGAN, Acting Deputy Field Office Director for ICE in New York City Area, in their official capacities,

                 Respondents.

**MEMORANDUM & ORDER**
26-CV-01015 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      On January 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner Lisadi Vasquez-Martinez ("Petitioner") while he was on his way to work in Mount Vernon, New York. Petitioner was initially transferred to an ICE field office in Newburgh, New York, and was then transferred to the Metropolitan Detention Center ("MDC") in Brooklyn. Petitioner now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] For the following reasons, his Petition is GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND

Petitioner is a Mexican national who arrived in the United States approximately 26 years ago, in January 2000. *See* ECF No. 1 ¶ 1. According to the government, Petitioner was voluntarily removed from the United States shortly thereafter, in April 2000, and re-entered the country at a subsequent unknown date without being admitted or paroled. *See* ECF No. 3 at 1, 13–15. Petitioner was then detained by ICE on January 28, 2026. *See* ECF No. 1 ¶ 3.

On February 20, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. ECF No. 1 ("Petition"). Three days later, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, and why it should not be ordered to immediately release Petitioner from detention. *See* Feb. 23, 2026, Text Order.

The government filed its response on February 26, 2026, *see* ECF No. 3 ("Response"), where it noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless acknowledges that if this Court were to apply the reasoning of its prior decisions, *see O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025); *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025); *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026),[2] those cases would control the result here. ECF No. 3 at 2.

---

[2] In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

2

**LEGAL STANDARD**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[3] *See* ECF No. 1 ¶¶ 35–40.

In response, the government reiterates its now-familiar position—that "Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)," ECF No. 3 at 2—despite sweeping rejection by district courts across the country. The government does not repeat its statutory interpretation arguments in opposing the Petition, and it need not, because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930. And, for the reasons this Court has already articulated in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth

---

[3] The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment.

3

Amendment.  *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) (collecting cases from courts "within the Eastern District of New York . . . [that] have [] rejected the government's interpretation.").

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## **CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on March 2, 2026.  The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed

as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante.").

For the avoidance of doubt, nothing in this Order shall be construed as a determination of the lawfulness of the government's right to detain Petitioner in the future pursuant to 8 U.S.C. § 1226(a), nor shall anything herein be construed as to preclude the government from holding a hearing pursuant to 8 U.S.C. § 1226(a) if it seeks to detain Petitioner in the future.

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       February 27, 2026